IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcelino Rodriguez-Luna ) | Civil Action No. 3:07-3398-RBH-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| M. Pettiford, Warden, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Marcelino Rodriguez-Luna ("Rodriguez-Luna"), is an inmate at FCI-Bennettsville serving a sentence of seventy (70) months imposed in the Southern District of Texas. He was sentenced on February 14, 2003, for re-entering the United States after deportation for an aggravated felony. Rodriguez-Luna filed a pro se petition for a writ of habeas corpus on October 17, 2007.[1] The respondent, Warden of FCI-Bennettsville, filed a "Motion for Summary Judgment" on January 29, 2008 in which he argues that "the Court pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Fed. R. Civ. P. 56" should "dismiss or alternatively, if matters outside the pleadings are relief upon by the Court" grant summary judgment.[2] Because Rodriguez-Luna is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on February 1, 2008. Rodriguez-Luna filed an opposition memorandum and motion for summary judgment on February 20, 2008.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to Local Rule 73.02(B)(2)(a), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2] Respondent has attached various records to its motion ("Res. Mem., Ex. __"). No standard or argument with respect to dismissal under Rule 12 or summary judgment under Rule 56 is provided. Since matters outside the pleadings must be considered, the undersigned finds the Rule 56 is applicable.

Respondent filed a response to Rodriguez-Luna's motion for summary judgment on March 7, 2008. Rodriguez-Luna filed a "Sur-Reply" on March 13, 2008.

## Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact ." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed-whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir.1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Facts

1.  Rodriguez-Luna was arrested by state authorities on September 30, 2002 for Felony Evading Arrest and Possession of Cocaine. (Res. Mem., Ex. E).

2.  Federal process was issued charging Rodriguez-Luna with unlawful re-entry into the United States after deportation for an aggravated felony. (Id.)

3.  The United States obtained a Writ of Habeas Corpus Ad Prosequendum. Rodriguez-Luna came before the Court, entered a guilty plea, and on February 14, 2003 was sentenced to seventy (70) months imprisonment. (Id.). No direct appeal was filed.

4.  Rodriguez-Luna was returned to state custody.

5.  Rodriguez-Luna pled guilty to the state charge and was sentenced to three (3) years imprisonment on February 26, 2003. His plea agreement and state court judgment indicate that his three-year sentence was to be served concurrently with his federal sentence.[3]

6.  While in state custody, Rodriguez-Luna requested that the Federal Bureau of Prisons ("BOP") afford him presentence credit and credit for time spent in state custody toward his

---

[3] Copies of the plea agreement and state judgment are attached to Rodrigeuz-Luna's petition.

federal sentence. The BOP treated his request as a request for a nunc pro tunc designation that he be allowed to serve his federal sentence in the state facility pursuant to 18 U.S.C. § 3261(b).

    a.    On December 3, 2003, BOP wrote the sentencing judge, the Honorable Hayden W. Head, Jr., United States District Judge for the Southern District of Texas, seeking "clarification regarding your intent for Mr. Rodriguez-Luna to serve his federal sentence concurrently or consecutively with his state sentence." (Res. Mem., Ex. F).

    b.    Judge Head responded on December 19, 2003:

> At the time of sentencing this defendant, there was no intention that this be served concurrently with a state sentence. It is a guideline sentencing calculated without reference to any state violation. The judgment is not modified. (Res. Mem., Ex. I).

    c.    By letter of January 6, 2004, BOP notified Rodriguez-Luna that his "request for concurrent (*nunc pro tunc*) designation of [his] federal sentence was denied" pursuant to 18 U.S.C. § 3621 and BOP Program Statement 5160.05. (Res. Mem., Ex. J).

7. Rodriguez-Luna filed a motion pursuant to 28 U.S.C. § 2255 on August 11, 2004. The motion was denied and Rodriguez-Luna's appeal dismissed. (Res. Mem., Ex. G).

8. Rodriguez-Luna was released from state custody on or about October 2, 2005, and was transported to BOP to begin service of his federal sentence. (Res. Mem., Ex. H).

9. On June 26, 2006, Rodriguez-Luna filed a "Request for *Nunc Pro Tunc* Amended Judgment" in the Southern District of Texas which was denied. (Pet., Ex. 2). The Court likewise denied Rodriguez-Luna's motion for a Writ of Mandamus. (Res. Mem., Ex. G).

10. Rodriguez-Luna filed a series of administrative requests with BOP beginning in July of 2006 to obtain a *nunc pro tunc* designation that would result in giving him credit for the time served in state custody against his federal sentence. (Res. Mem., Ex. C, D & E). These requests were denied.

11. Rodriguez-Luna appealed his third request (Res. Mem., Ex. E). On August 14, 2007, the BOP's Administrator, National Inmate Appeals wrote Rodriguez-Luna:

> This is in response to your Central Office Administrative Remedy Appeal in which you request credit toward the service of your federal sentence for time spent serving a state sentence or a *nunc pro tunc* designation.
>
> Review of available records reflect you were sentenced on February 14, 2003, to a 70-month term of confinement for Unlawful Reentry into the United States After Deportation for an Aggravated Felony. At the time the federal sentence was imposed, you were in the primary custody of state authorities. Therefore, once sentencing was complete, you were returned to state authorities and the Federal Judgment and Commitment Order (J&C) was lodged as a detainer. Records reflect you completed your state obligation on October 2, 2005, and began serving your 70-month term at that time.
>
>> As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the Bureau of Prisons (Bureau) considers an inmate's request for credit for time spent in state custody as a request for a retroactive (concurrent) designation. A retroactive designation is made only after the review of all relevant factors under Title 18 U.S.C. § 3621(b). The pertinent factors under the above referenced statute were determined to be (b)(2), (3), (4), and (5).
>>
>> Your current term of confinement for Illegal Reentry into the United States After Deportation for an Aggravated Felony was considered. In addition, your criminal history and institutional adjustment were considered. Your criminal history includes convictions for Possession of a Controlled Substance with Intent to Deliver, four counts of Assault, and Aggravated Assault. Your institution disciplinary history reflects that on February 13, 2007, the Discipline Hearing Office found you committed the prohibited act of Possessing Intoxicants (Code 222).

> The Federal J&C was silent on whether your sentence should run consecutive or concurrent to any other sentence. Pursuant to 18 U.S.C. § 3584(a), "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The federal sentencing court is authorized under United States Sentencing Guidelines § 5G1.3 to alter the manner in which a federal sentence is served in order to achieve a reasonable punishment for the offense. As previously indicated, the federal sentencing court did not elect to exercise its discretion to run the federal sentencing concurrent to your impending state sentence. Furthermore, in a memorandum issued by the Court on July 24, 2006, the Court clearly indicated its intent for the federal sentence to run consecutive to the state term.
>
> After consideration of the above factors under Title 18 U.S.C. § 3621(b) and Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, the Bureau has determined that a *nunc pro tunc* designation is not appropriate. Accordingly, your appeal is denied.  (Res. Mem., Ex. E).

## Discussion

In his present petition, Rodriguez-Luna argues that he is entitled to relief for two reasons. First, he argues that BOP abused its discretion in failing to grant his request for a *nunc pro tunc* designation that would have allowed him to begin serving his federal sentence while in state custody. Second, he argues that he was entitled to a concurrent sentence because, under <u>United States v. Smith</u>, 472 F.3d 222 (4th Cir. 2006), the sentencing court could not impose a consecutive sentence to a future sentence.

    1.    *Nunc Pro Tunc* Designation

In <u>Barden v. Keohane</u>, 921 F.3d 476 (3rd Cir. 1991), petitioner brought a § 2241 habeas petition to gain credit for time served in a state prison by having that state facility designated a federal facility *nunc pro tunc*. In pursuing his administrative remedies, BOP declined to recognize that it had the statutory authority to make such a designation. The <u>Barden</u> court held that petitioner

was "entitled to have his request considered by the agency with the statutory power to grant it and that 28 U.S.C.A. § 2241 is available to compel that consideration." (Id. at 484).

After Barden, the BOP began to analyze requests for retroactive designations pursuant to 18 U.S.C. § 3621(b). Indeed, the denial of Rodriguez-Luna's administrative appeal references both Barden and the statute. (Res. Mem., Ex. E).

The statute states in part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
> 
> (1) the resources of the facility contemplated;
> 
> (2) the nature and circumstances of the offense;
> 
> (3) the history and characteristics of the prisoner;
> 
> (4) any statement by the court that imposed the sentence--
> 
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > 
> > (B) recommending a type of penal or correctional facility as appropriate; and
> 
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The denial of Rodriguez-Luna's administrative appeal indicates that BOP considered all but the first factor listed above, as well as Program Statement 5160.05 (Res. Mem., Ex. L). Rodriguez-Luna argues that BOP failed to give consideration to mitigating factors under § 3621(B)(3). (Pet., p. 6). He has attached a BOP printout of educational programs which he has taken advantage while

in federal custody. (Pet., Ex. 4).  It is true that BOP did not recite these achievements in its denial, but that does not mean that they were not considered.  BOP appears to have emphasized the factors it considered which supported its decision to deny *nunc pro tunc* designation.

Rodriguez-Luna also argues that BOP abused its discretion by deferring to the sentencing court as to whether or not to grant his request.  He cites Trowell v. Beeler, 135 Fed. App. 590, 2005 WL 1181858 (4th Cir. 2005) as support for his argument.  Rodriguez-Luna's argument is without merit.  In Trowell, the court found that BOP gave controlling weight to the statement of the sentencing court.  However, BOP was merely following its procedure in seeking input from the sentencing judge. (See BOP Program Statement No. 5160.05, § 9(c)) (Res. Mem., Ex. L).  The denial clearly shows that other factors were considered and that BOP did not simply defer to the court's wishes.

2.     Future Sentence

Rodriguez-Luna's second argument is related to his first.  He argues that the sentencing court could not order his federal sentence to run consecutive to his state sentence because the state sentence was a "future sentence," i.e., it had not been imposed at the time the federal sentence was imposed.  He cites United States v. Smith, supra.  Rodriguez-Luna's argument is misplaced.  In Smith, the court actually ordered a consecutive federal sentence to a yet to be imposed state sentence.  Smith, 472 F.3d at 224. However, Rodriguez-Luna concedes that Judge Head was silent as to whether or not his sentence should be consecutive or concurrent.  His state sentence had not been imposed so the federal court did not violate Smith.

Last, Rodriguez-Luna generally argues that the state court judge ordered that his state sentence be concurrent with his previously imposed federal sentence.  The order of a state court

8

judge is irrelevant in determining when a federal sentence begins to run under 18 U.S.C. § 3585. Bonner v. Rivera, 2008 WL 565494, *5 (D.S.C. 2008) citing Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir, 1992) and Coccimiglio v. DeRosa, 2006 WL 1897269 (D.Ariz. 2006).

## Conclusion

Based on a review of the record, it is recommended that the petitioner's motion for summary judgment be denied, and respondent's motion for summary judgment be granted without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 19, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).