UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marcelino Rodriguez-Luna, | ) | C/A No. 3:07-3398-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| M. Pettiford, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate at FCI-Estill, proceeding *pro se*, filed a petition on October 17, 2007 seeking relief pursuant to 28 U.S.C. § 2241.

Petitioner was arrested on September 30, 2002 in Texas on state charges of Felony Evading Arrest and Possession of Cocaine. While he was in state custody, federal officials filed a criminal complaint against him for Unlawful Re-entry into the United States after Deportation for an Aggravated Felony, and he was arrested on the federal charge. A writ of habeas corpus *ad prosequendum* was issued to obtain the petitioner's presence in federal court. Petitioner was sentenced on February 14, 2003 in the United States District Court for the Southern District of Texas to 70 months incarceration, followed by 3 years supervised release and a $100 special assessment.[1]  Petitioner was returned to state authorities, and he subsequently pleaded guilty to state charges on February 26, 2003.  He was sentenced by the state judge to three years incarceration.  The state court judge ordered that "the

---

[1] The BOP Administrator of National Inmate Appeals states: "At the time the federal sentence was imposed, you were in the primary custody of state authorities. Therefore, once sentencing was complete, you were returned to state authorities and the Federal Judgment and Commitment Order (J&C) was lodged as a detainer. Records reflect you completed your state obligation on October 2, 2005, and began serving your 70-month term at that time." (Respondent's Mem., Ex. E).

sentence in this cause shall run concurrent with a Federal Case, of The Southern District of Texas." (Docket Entry #1, page 38). While in the Texas Department of Corrections, the petitioner submitted a request to the Bureau of Prisons, for credit for the time spent in Texas custody. The Bureau of Prisons considered this as a request for a *nunc pro tunc* designation of the state as the place of service for the federal term. The Bureau declined the request, after considering relevant factors set forth in 18 U.S.C. § 3621(b), including the intent of the federal sentencing judge, who explained that he did not intend for the federal sentence to run concurrent with any state sentence. Petitioner has now filed the within petition for writ of habeas corpus, alleging that the Bureau abused its discretion in denying the *nunc pro tunc* designation and did not fairly apply the factors of 18 U.S.C. § 3621(b). He also cites *United States v. Smith*, 472 F.3d 222 (4th Cir. 2006), asserting that "the plain language of 18 U.S.C. § 3584 did not grant the district court the authority to order that its sentence run consecutively to a future sentence."

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate Joseph R. McCrorey filed June 19, 2008. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1),

Based on his review of the record, the Magistrate Judge concluded that the Petitioner's § 2241 action should be dismissed.

The Magistrate Judge advised petitioner of the procedures and requirements for filing objections

to the Report. Petitioner timely filed objections to the Report and Recommendation on June 27, 2008.

By federal statute, 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences and he has delegated his authority to the BOP under 28 C.F.R. § 0.96 (1992). The computation of a federal sentence is "governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence." *Robinson v. Owens*, 2008 WL 783782 (D.S.C. 2008). The BOP "must exercise its own independent judgment, taking into account all applicable factors in [18 U.S.C.] § 3621(b), including the views of the sentencing court." *Trowell v. Beeler*, 2005 WL 1181858 at *4 (4th Cir. 2005).

Petitioner contends that, because the BOP consulted the federal sentencing judge before making its decision, it has run afoul of *United States v. Smith*, 472 F.3d 222 (4th Cir. 2006). However, in *Smith,* the federal judge at the time of sentencing had ordered that "the sentence I impose in this case . . . will be consecutive to any other sentence imposed in any other case . . ." The Fourth Circuit held that the judge lacked authority to order a sentence to run consecutively with another sentence not yet imposed. In the case at bar, the sentencing judge did not at the time of sentencing order the sentence to run consecutively with future sentences. Rather, he was consulted by the BOP in connection with the petitioner's request for *nunc pro tunc* designation, after imposition of the Texas state sentence, pursuant to 18 U.S.C. § 3621(b). In *Trowell*, the petitioner argued that when a state court directs that its sentence be served concurrently with a previously imposed federal sentence, principles of federalism would be violated if the federal court did not give effect to the state court order. The court rejected this argument and found that the state court had primary jurisdiction as the first arresting sovereign and thus had "jurisdictional priority." "Had Maryland wished to give effect to its court's concurrency order, the

3

state could have, for example, attempted to relinquish or waive primary jurisdiction after Trowell was sentenced in state court. In other words, Maryland could have sought to deliver him into federal custody for the purposes of beginning his federal sentence." *Id*. By the same token, in the instant case, Texas authorities could have waived primary jurisdiction over Petitioner, but they did not do so. The petitioner's arguments lack merit.

The Petitioner also asserts that the BOP disregarded the mitigating factor of his educational accomplishments and thus abused its discretion. The Court agrees with the Magistrate Judge that the petitioner has not shown an abuse of discretion by the BOP in this regard.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law and finds the objections to be without merit. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the respondent's motion for summary judgment is granted; the petitioner's motion for summary judgment is denied; and the case is **DISMISSED**.

**IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

August 29, 2008
Florence, South Carolina